IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LISA STOREY<br><br>Plaintiff,<br><br>v.<br><br>TANYA SEIPEL aka TONYA SEIPEL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:22-CV-00486-DAO<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Daphne A. Oberg |

In this action, Plaintiff Lisa Storey alleges Defendant Tanya Seipel, aka Tonya Seipel, engaged in a real estate Ponzi scheme designed to defraud Seipel.[1] Before the court is Seipel's Motion to Dismiss pursuant to the "first-to-file rule."[2] For the reasons set forth below, Seipel's Motion is DENIED.

## BACKGROUND

On April 26, 2022, Intact Investments, LLC ("Intact") and Jon Investments, LLC ("Jon Investments") filed a Petition to Nullify Wrongful Liens filed by Lisa Storey in the Third Judicial District Court in and for Salt Lake County, State of Utah.[3] Intact and Jon Investments argued Storey had improperly caused two liens to be recorded, one against the "Fieldcrest Property" owned by Intact[4] and another against the "Tumbleweed Property" owned by Jon Investments.[5]

---

[1] Dkt. 2 (Complaint) at 3.

[2] Dkt. 13 (Motion to Dismiss) at 2.

[3] Dkt. 13-1 (Motion to Dismiss Appendix A) at 1.

[4] *Id.* at 2.

[5] *Id.* at 3.

1

2

On May 17, 2022, Storey, the defendant in the state court action, filed an answer to the petition, counterclaim, and opposition to the removal of the liens in the Third Judicial District Court.[6] Storey denied the liens were wrongful and asserted the affirmative defense that "[the plaintiffs] come to Court with unclean hands requesting relief after fleecing investors out of hundreds of thousands of dollars."[7] Additionally, Storey asserted a counterclaim with three causes of action: 1) fraudulent misrepresentation, 2) breach of contract, and 3) negligent misrepresentation.[8]

On July 28, 2022, Storey brought this action against Seipel in the United States Federal Court, District of Utah, asserting this court has jurisdiction under 42 U.S.C. §§ 2000e-5(f) and 2000e-6(a), and 28 U.S.C. §§ 1331, 1345.[9] Storey alleged nine causes of action: 1) fraudulent misrepresentation, 2) common law fraud, 3) conversion, 4) negligent misrepresentation, 5) breach of contract, 6) unjust enrichment, 7) an accounting, 8) breach of covenant of good faith and fair dealing, and 9) RICO violations under 18 U.S.C. §§ 1961(4), (5), (9) and 1962(b).[10]

On September 6, 2022, Seipel filed the pending Motion to Dismiss, asking this court to abstain from exercising jurisdiction and dismiss the Storey's Complaint pursuant to the "Tenth's Circuit's quasi-abstention 'first-to-file- doctrine.'"[11] Seipel argues the state court action and this federal action involve a "common set of operative facts" and Storey's filing in federal court was

---

[6] Dkt. 13-2 (Motion to Dismiss Appendix B).

[7] *Id.* at 7.

[8] *Id.* at 8-11.

[9] Dkt. 2 at 1.

[10] *Id.* at 12-21.

[11] Dkt. 13 at 3.

2

an attempt to venue shop for a court that "hasn't already ruled against her with respect to her filling a wrongful lien."[12]

On October 3, 2022, Storey filed a Response to Motion to Dismiss and Request for a Hearing.[13] She argued there was no pending counterclaim in the Third District Court in Utah because that counterclaim was dismissed on September 15, 2022.[14] On October 7, 2022, Seipel filed a Reply Memorandum in Support of Motion to Dismiss asserting Seipel, Intact, and Jon Investments had filed a motion in the Third District Court in Utah to set aside the order to dismiss Storey's counterclaim.[15] Finally, on October 21, 2022, Seipel filled an Errata to Reply Memorandum in Support of Motion to Dismiss correcting two instances where Storey's name was improperly used instead of Seipel's.[16]

Seipel has requested oral argument.[17] The parties' briefing was scant, and the issue presented in Storey's Motion to Dismiss is narrow: whether this action is barred by the so-called "first-to-file" rule. The court has determined oral argument on this issue is unwarranted.[18] For the reasons discussed below, the first-to-file rule is inapplicable and does not provide grounds for dismissal. Storey's Motion, citing only that basis for dismissal, is therefore DENIED.

## ANALYSIS

Seipel argues this court should abstain from exercising jurisdiction under the Tenth Circuit's quasi-abstention "first-to-file" doctrine. Although "no precise rule" has developed to

---

[12] *Id.* at 2-3.

[13] Dkt. 16 (Response to Motion to Dismiss and Request for a Hearing).

[14] *Id.* at 2; *see also* Dkt. 16-1 (Response to Motion to Dismiss and Request for a Hearing Appendix A).

[15] Dkt. 18 (Reply Memorandum in Support of Motion to Dismiss); *see also* Dkt. 18-1 (Reply Memorandum in Support of Motion to Dismiss Appendix A).

[16] Dkt. 19 (Errata to Reply Memorandum in Support of Motion to Dismiss).

[17] Dkt.16.

[18] *See* DuCivR 7-1(g).

govern when abstention is proper between two federal district courts addressing parallel litigation,[19] the Tenth Circuit has adopted a "first-to-file" equitable rule to avoid duplicative or inconsistent rulings.[20] The first-to-file rule "'permits,' but does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court."[21] The rule is a discretionary doctrine, resting on principles of comity and conserving judicial resources "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[22]

Here, however, the first-to-file rule does not apply because the two cases at issue are not both pending in federal court. Seipel acknowledges this fact but argues the rule's principles may still apply: "[a]lthough the other, prior case, was filed in state court instead of federal court, the principles of comity, conserving judicial resources, and avoiding duplicative litigation and piecemeal litigation are present here as well."[23]

In *Wakaya Perfection, LLC v. Longevity International, Inc.*, the Tenth Circuit clearly stated that the "first-to-file" rule is the applicable rule to govern abstention when two <u>federal</u> suits are pending.[24] In the same opinion, the Tenth Circuit acknowledged that the so-called

---

[19] *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

[20] *Wakaya Perfection, LLC v. Longevity Int'l, Inc*., 910 F.3d 1118, 1124–27 (10th Cir. 2018); *see also Hospah Coal Co. v. Chaco Energy Co*., 673 F.2d 1161, 1163 (10th Cir. 1982) (recognizing "the general rule that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case").

[21] *Wakaya*, 910 F.3d at 1124 (citation omitted).

[22] *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477, 1999 WL 682883, *2 (10th Cir. 1999) (unpublished) (internal citation and quotations omitted).

[23] Dkt. 13 at 3.

[24] 910 F.3d at 1124.

*Colorado River* abstention doctrine might apply when one of the cases is in state court.[25] In *Colorado River Water Conservation District v. United States*, "the Supreme Court recognized the need for different approaches depending on whether the concurrent litigation involves parallel cases in federal courts or parallel cases in federal and state courts."[26] But in view of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," denying jurisdiction under this doctrine is permitted only under "exceptional" circumstances.[27] Those circumstances are present only when two cases are first found to be "parallel"—meaning "substantially the same parties [are] litigat[ing] substantially the same issues in different forums."[28] If cases are found to be parallel, a court would then consider a list of nonexclusive factors to decide "whether 'exceptional circumstances' exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction."[29]

Seipel in her Motion to Dismiss relies solely on the first-to-file rule as the grounds for dismissal, and does not engage in an alternative *Colorado River* analysis. The court declines to conduct the fact-intensive *Colorado River* analysis sua sponte, particularly where a cursory review of the relevant factors does not clearly call for abstention.

---

[25] *Id.* at 1121 ("We have recognized that the [*Colorado River*] test applies when one of the cases is in state court." (citing *Rienhardt v. Kelly*, 164, F.3d 1296, 1302 (10th Cir. 1999)).

[26] *Id.* at 1122 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[27] 424 U.S. at 817-818.

[28] *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994) (quoting *New Beckley Mining Corp. v. International Union, UMWA,* 946 F.2d 1072, 1073 (4th Cir.1991), *cert. denied,* 503 U.S. 971, 112 S.Ct. 1587, 118 L.Ed.2d 306 (1992)).

[29] *Id.* (quoting *Colorado River*, 424 U.S. at 818).

## CONCLUSION

Because the first-to-file rule does not apply to pending state and federal court proceedings, Seipel's Motion to Dismiss[30] is DENIED.

SO ORDERED this 14th day of December, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[30] Dkt. 13.