IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LISA STOREY, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 2:22-cv-00486-RJS-DAO |
| | Chief District Judge Robert J. Shelby |
| TANYA SEIPEL, aka TONYA SEIPEL, and DOES 1 through 10, inclusive, | Magistrate Judge Daphne A. Oberg |
| Defendants. | |

Before the court are two motions.  The first is Plaintiff Lisa Storey's Amended Motion for Partial Summary Judgment.[1]  The second is Defendant Tanya Seipel's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c).[2]  Having reviewed the motions and associated briefing, the court GRANTS Defendant's Motion to Dismiss and dismisses Plaintiff's Complaint.  As such, the court DENIES as moot Plaintiff's Amended Motion for Partial Summary Judgment.[3]

Plaintiff's Response to Defendant's Motion to Dismiss purportedly included a motion to strike, motion for sanctions, and motion for attorney fees.[4]  However, the court's Local Rules of Civil Practice for the District of Utah do not permit a party to make a motion in a responsive

---

[1] Dkt. 99, *Plaintiff Lisa Storey's Amended Motion for Partial Summary Judgment* (*Pla. Mot. Summary Judgment*).

[2] Dkt. 108, *Motion to Dismiss Pursuant to FRCP Rule 12(c)* (*Def. Mot. Dismiss*).

[3] Plaintiff made a one sentence request for a hearing on her Amendment Motion for Partial Summary Judgment.  *See* Dkt. 115, *Request for a Hearing*.  However, the court determines oral argument is unnecessary and decides the parties' motions on the papers.  *See* DUCivR 7-1(g).

[4] Dkt. 112, *Plaintiff's Response to Defendant's Third Motion to Dismiss and For Sanctions and Attorney Fees* (*Pla. Response*) at 2, 6, 11, 12.

filing.[5]  This court has already cautioned Plaintiff's counsel about including motions in a responsive filing.[6]  These motions are therefore DENIED, and Plaintiff's counsel is urged to adhere to this court's Local Rules in the future.

## FACTUAL BACKGROUND

The following factual summary is taken from Plaintiff's Complaint.[7]  When considering a motion to dismiss pursuant to Rule 12(c), the court accepts the well-pleaded allegations contained in a complaint as true and construes them in the light most favorable to the plaintiff.[8]

For context, Plaintiff alleges Defendant engaged in a real estate Ponzi scheme designed to defraud Plaintiff.[9]  As part of this scheme, Plaintiff alleges Defendant routinely solicited investments from various individuals, converted the funds to her personal use, and then used the money to pay a small portion of money to prior investors to temporarily satisfy them while she solicited other investors.[10]

Defendant befriended Plaintiff in or around 2011 or 2012, and the two kept in touch over the next several years.[11]  Sometime after Plaintiff was forced to sell a rental property in March 2020, Defendant approached Plaintiff seeking to partner with her on a home-flipping venture.[12]

---

[5] DUCivR 7-1(a)(3) ("A party may not make a motion . . . in a response or reply.  Any motion must be separately filed."); DUCivR 54-2(a)(1) ("A party seeking attorney's fees must file a motion . . . ."); DUCivR 1-2 ("On a party's motion . . . the court may impose sanctions against an attorney, a party, or both for violating these rules.").

[6] Dkt. 100, *Official Transcript of Zoom Status Conference Held on May 2, 2024* at 5.

[7] Dkt. 2, *Complaint*.

[8] *See Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004).

[9] *Complaint* at 2.

[10] *Id.*

[11] *Id.* ¶¶ 1, 8.

[12] *Id.* ¶¶ 8–9.

Defendant encouraged Plaintiff to quit her job in order to pursue the lucrative opportunity, and Defendant offered to pay Plaintiff a monthly salary of $5,000 to be her assistant.[13]

Later, in August 2020, Defendant encouraged Plaintiff to select a business name for a company to own properties as part of their venture, and Plaintiff chose "Soile Investments, LLC."[14] The parties entered into an Operating Agreement sometime after Defendant formed the LLC.[15] This agreement listed Plaintiff as a member with a 30% ownership interest and Defendant as a member with a 70% interest.[16] But when Defendant filed the Certificate of Organization with the State of Utah, she did not identify Plaintiff as a member or manager.[17]

The same month, Defendant presented Plaintiff with two properties to potentially flip: one property located in Draper, Utah, and the other located in Holladay, Utah.[18] Plaintiff claims she made three separate payments totaling $85,000 to Defendant for the purpose of investing in these properties: the first payment was for $55,000, made August 17, 2020;[19] the second payment was for $5,000, made August 18, 2020;[20] and the third payment was for $30,000, made September 1, 2020 and obtained via a small business loan.[21] Plaintiff also claims Defendant coached her through the process of creating an Arizona Corporation in order to secure the $30,000 small business loan.[22]

---

[13] *Id.* ¶¶ 13, 15.

[14] *Id.* ¶ 16.

[15] *Id.* ¶ 18.

[16] *Id.*

[17] *Id.* ¶ 19.

[18] *Id.* ¶¶ 20–21.

[19] *Id.* ¶ 23.

[20] *Id.* ¶ 24.

[21] *Id.* ¶¶ 25–31.

[22] *Id.*

Plaintiff states she only invested in the parties' joint venture due to Defendant's affirmative misrepresentations and material omissions of fact.[23]  For example, Plaintiff claims Defendant failed to disclose her prior criminal history and several outstanding civil lawsuits involving allegations of fraud.[24]  Plaintiff also claims Defendant led her to believe doing business with Defendant would provide a safe investment, secured by interests in the two Utah properties.[25]  But unbeknownst to Plaintiff, the properties were encumbered by undisclosed liens, and Defendant routinely borrowed against the equity in the properties.[26]  Further, Defendant refused to flip the properties as previously agreed and never placed Plaintiff's name on the titles of the Utah properties.[27]  Instead, Defendant converted Plaintiff's investment to her personal use.[28]

Ultimately, Defendant never paid back Plaintiff's $85,000 investment,[29] and when Plaintiff began to press Defendant on the status of flipping the properties, Defendant refused to communicate with her and accused her of harassment.[30]  Plaintiff then filed notices of interest on the two Utah properties in 2021, and Defendant responded with a wrongful lien action against Plaintiff in 2022.[31]  Defendant eventually succeeded in removing the notices of interest on the

---

[23] *See, e.g.*, *id.* ¶¶ 60–77.

[24] *E.g.*, *id.* ¶¶ 73, 77 ("The failure to disclose to investors that Defendant . . . had been to prison for bank fraud was a material omission of fact such that investors in her real estate projects had an absolute right to know of her criminal conviction.").

[25] *Id.* ¶¶ 62, 64.

[26] *Id.* ¶¶ 33–35.

[27] *Id.*

[28] *Id.* ¶ 100.

[29] *Id.* ¶ 43.

[30] *Id.* ¶¶ 36–37.

[31] *Id.* ¶¶ 44, 50.

Utah properties.[32]  After the notices were removed, the Draper property sold, and Defendant did not pay Plaintiff any money from the sale.[33]

## PROCEDURAL HISTORY

Plaintiff filed her Complaint in July 2022.[34]  Shortly thereafter, Defendant filed her first Motion to Dismiss, arguing the Tenth Circuit's quasi-abstention "first-to-file" doctrine prevented this court from exercising jurisdiction over the case.[35]  After the court denied Defendant's first Motion to Dismiss,[36] Defendant filed another Motion to Dismiss pursuant to Rules 9, 12(b)(1) and 12(b)(6).[37]  The court denied the second Motion to Dismiss after Defendant failed to respond to the court's Order to Show Cause why the court should not deny the Motion in light of Rule 12(g)(2).[38]  After filing an Answer[39] and engaging in discovery, Plaintiff filed a Motion for Summary Judgment[40] and Defendant filed a Motion for Judgment on the Pleadings.[41] Subsequently, both parties orally withdrew their respective motions[42] and submitted the present Motions.[43]  Those Motions are fully briefed and ripe for review.[44]

---

[32] *Id.* ¶ 52.

[33] *Id.* ¶ 53.

[34] *Id.* at 24.

[35] Dkt. 13, *Motion to Dismiss*.

[36] Dkt. 26, *Memorandum Decision and Order Denying Motion to Dismiss*.

[37] Dkt. 27, *Motion to Dismiss*.

[38] Dkt. 29, *Order Denying Defendant's Second Motion to Dismiss*.

[39] Dkt. 30, *Answer*.

[40] Dkt. 75, *Plaintiff Lisa Storey's Motion for Summary Judgment and Quiet Title*.

[41] Dkt. 86, *Motion for Judgment on the Pleadings*.

[42] *See* Dkt. 100, *Transcript of May 2, 2024 Status Conference* at 20, 25.

[43] *See* Pla. Mot. Summary Judgment; Def. Mot. Dismiss.

[44] *See* Dkt. 106, *Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and Quiet Title* (*Def. Opposition*); *Pla. Response*; Dkt. 114, *Reply Memorandum in Support of Motion to Dismiss Pursuant to FRCP Rule 12(c)* (*Def. Reply*).

## LEGAL STANDARDS

While Rule 12(g)(2) generally precludes successive motions under Rule 12, Rule 12(g) is subject to Rule 12(h)(2).  Rule 12(h)(2) expressly allows parties to raise certain defenses—including the failure to state a claim upon which relief may be granted—by a successive motion under Rule 12(c).[45]  A party is permitted to bring a 12(c) motion for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial . . . ."[46]

A Rule 12(c) motion for judgment on the pleading is treated the same as a Rule 12(b)(6) motion to dismiss.[47]  And "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[48]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[49]  In determining whether a complaint satisfies these criteria, all the well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff.[50]  The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[51]

---

[45] *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1101–02 (10th Cir. 2017) (citations omitted).

[46] Fed. R. Civ. P. 12(c).

[47] *See Aspenwood Inv. Co.*, 355 F.3d at 1259; *Jacobsen v. Deseret Book Co.*, 287 F.2d 936, 941 n.2 (10th Cir. 2002).

[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[49] *Id.* (citing *Twombly*, 550 U.S. at 556).

[50] *Aspenwood Inv. Co.*, 355 F.3d at 1259.

[51] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

6

# ANALYSIS

The court begins its analysis with Defendant's Motion to Dismiss.  Concluding Plaintiff fails to state a claim upon which relief can be granted, the court does not engage in an analysis of Plaintiff's Amended Motion for Partial Summary Judgment.

Crucially, in her Response to Defendant's Motion, Plaintiff does not engage with the substance of Defendant's arguments; instead, she primarily summarizes out-of-circuit procedural law while failing to apply it to the present dispute.[52]  While district courts may not grant a motion to dismiss for failure to state a claim based solely on a plaintiff's failure to meaningfully respond to the motion,[53] by failing to contest any of Defendant's substantive arguments in her Response, Plaintiff has implicitly conceded her Complaint fails to state plausible claims for relief.[54]  A concession of an issue is generally binding on the conceding party,[55] and the court will not assume the role of advocate for Plaintiff by attempting to dissect her Complaint in a way

---

[52] *See generally Pla. Response.*

[53] *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" (citation omitted)).

[54] *See Fullen v. City of Salina*, No. 21-4010-JAR-TJJ, 2021 WL 4476780, at *14 (D. Kan. Sept. 30, 2021) (finding plaintiffs "tacitly concede[d] that they have failed to state a . . . claim . . . by failing to respond to [dismissal arguments]"); *Hinsdale v. City of Liberal*, 19 F.App'x 749, 768–69 (10th Cir. 2001) (finding a party abandoned a claim by failing to address it in his response to defendants' motion for summary judgment); *Am. Waterways Operators v. Regan*, 590 F. Supp. 3d 126, 138 (D.D.C. 2022) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." (citing *Day v. D.C. Dep't of Consumer & Regul. Affs.*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) and *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument. . . results in waiver" and "silence leaves us to conclude" a concession.).

[55] *See U.S. v. Ibarra*, 920 F.2d 702, 706 (10th Cir. 1990), *vacated on other grounds*, 502 U.S. 1 (1991) ("A concession of an issue is generally treated as binding on that party.").

to survive the present Motion, particularly in light of Defendant's plausible arguments.[56]  Such an overstep would be unfair to Defendant.

Plaintiff asserts nine causes of action: (1) fraudulent misrepresentation, (2) common law fraud, (3) conversion, (4) negligent misrepresentation, (5) breach of contract, (6) unjust enrichment, (7) an accounting, (8) breach of the covenant of good faith and fair dealing, and (9) civil violation of the Racketeer Influenced and Corrupt Organizations Act (RICO).[57]  In her Response to Defendant's Motion to Dismiss, Plaintiff also claims she included an action to quiet title in her Complaint.[58]  She did not.  Plaintiff also never amended her Complaint to include an action to quiet title.  While she did include a petition to quiet title in her first Motion for Summary Judgment,[59] that motion was ultimately withdrawn,[60] and the Amended Motion for Summary Judgment currently before the court includes no such request.[61]

The first four claims in the Complaint sound in tort.  The first, second, fourth, sixth, and eighth claims are based on allegations of fraud.  The fifth and seventh claims are related to an alleged breach of a contract.  The court analyzes the tort claims first, followed by the fraud-based

---

[56] *See Cayetano-Castillo v. Lynch*, 630 F.App'x 788, 794 (10th Cir. 2015) (unpublished) (where a party does not respond to an issue raised by its opponent, the court is "not required to do his work for him and dissect the [opponent's] plausible argument"); *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (explaining how the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining how it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," let alone for a party represented by counsel); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.").

[57] *See Complaint* ¶¶ 60–131.

[58] *Pla. Response* at 4.

[59] *See* Dkt. 75, *Plaintiff Lisa Storey's Motion for Summary Judgment and Quiet Title* at 37.

[60] *See* Dkt. 100, *Transcript of May 2, 2024 Status Conference* at 20.

[61] *See Pla. Mot. Summary Judgment* at 99.

claims.  The court then considers the RICO claim and Plaintiffs' remaining contract-based claims.

## I.       The Economic Loss Rule Bars Plaintiff's Tort Claims.

Defendant argues all of Plaintiff's tort claims—the first, second, third and fourth causes of action—are barred by the economic loss rule.[62]  The court agrees.

A court may dismiss a claim under 12(b)(6) when the face of the complaint shows a claim is barred by an affirmative defense.[63]  And federal courts exercising supplemental jurisdiction over state-law claims apply the substantive law of the forum state.[64]  Therefore, this court applies Utah's substantive law with respect to whether the economic loss rule operates as an independent bar to Plaintiff's tort claims.

Utah courts routinely dismiss complaints when the economic loss rule bars a plaintiff's cause of action.[65]  Put simply, Utah's economic loss rule prohibits tort claims for purely economic loss.[66]  This means a plaintiff is barred from recovering economic losses in tort actions "unless the plaintiff can show physical damages to other property or bodily injury."[67]  The initial inquiry in an economic-loss analysis is "whether a duty exists independent of any contractual

---

[62] *See Def. Mot. Dismiss* at 2.

[63] *See Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965); *Chen v. Dillard Store Servs.*, 579 F.App'x 618, 621–22 (10th Cir. 2014).

[64] *See BancOklahoma Mortg. Corp. v. Cap. Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) (citation omitted).

[65] *E.g., Thorp v. Charlwood*, 501 P.3d 1166, 1172, 1179 (Utah Ct. App. 2021) (affirming a district court's dismissal of a complaint based on the economic loss rule and explaining "when a party is merely suing to recover the benefit of its contractual bargain, there is no inherent unfairness in limiting that party to a breach-of-contract claim" (citation omitted)); *Hayes v. Intermountain GeoEnvironmental Servs.*, 446 P.3d 594, 597, 602–03 (Utah Ct. App. 2019) (affirming 12(b)(6) dismissal of all of plaintiffs' tort claims under Utah's economic loss rule).

[66] *Gables at Sterling Vill. Homeowners Ass'n Inc. v. Castled-Sterling Vill. I, LLC*, 417 P.3d 95, 108–09 (Utah 2018) (citation omitted).

[67] *Anderson v. Homecomings Fin., LLC*, No. 2:11-CV-332-TS, 2011 WL 3626828, at *4 (D. Utah Aug. 17, 2011) (citation omitted).

obligations between the parties."[68]  If an independent duty exists, "the economic loss rule does

not bar a tort claim because the claim is based on a recognized independent duty of care and thus

does not fall within the scope of the rule."[69]  Conversely, "[i]f the tort alleges a breach of a duty

that the contract itself imposes, then the claim is barred[,] [and] the plaintiff can sue only for

contract-based remedies."[70]

Even intentional tort claims such as fraud are potentially barred by the economic loss rule

if those claims are grounded in the same duties that exist by virtue of the parties' contract.[71]  And

"[t]he fact that the exact same conduct is described in both the contract and tort claims, and the

exact same facts and circumstances are at play, is indicative of the overlapping duties in [a]

case."[72]

Plaintiff pleads both tort and breach-of-contract claims in her Complaint.  But the tort

claims involve breaches of the same duties that exist by virtue of the parties' agreement, and the

facts supporting the tort and contract claims are nearly identical.  Plaintiff's contract-based

claims assert the parties "entered into an operating agreement . . . to invest in two properties."[73]

But after investing in the two properties, Defendant "did not place Plaintiff's name on the titles

or do anything to protect her $85,000.  In fact, [Defendant] converted the money to her personal

use."[74]  Plaintiff alleges Defendant "breached this contract by selling or attempting to sell these

properties to other unsuspecting 'investors' in furtherance of her fraudulent real estate

---

[68] *Gables at Sterling Vill. Homeowners Ass'n Inc.*, 417 P.3d at 109 (citation omitted).

[69] *Id.* (citation omitted).

[70] *KTM Health Care Inc. v. SG Nursing Home LLC*, 436 P.3d 151, 170 (Utah Ct. App. 2018).

[71] *Id.* at 171 (citation omitted).

[72] *Id.* (citation omitted).

[73] *Complaint* ¶ 98.

[74] *Id.* ¶ 100.

scheme."[75]  Importantly, Plaintiff also claims Defendant breached the contract by "deliberately misrepresent[ing] facts and promises and commit[ing] acts of fraud to avoid performing her obligations under the contractual agreement."[76]

These allegations in support of Plaintiff's breach of contract claims are strikingly similar to Plaintiff's tort claims for fraud, conversion, and negligent misrepresentation.  Specifically, both the contract claims and the tort claims allege (1) Defendant failed to place Plaintiff's name on the titles to the properties and protect her $85,000 investment,[77] (2) Defendant wrongfully attempted to sell the properties to other investors in furtherance of her fraudulent scheme,[78] (3) Defendant wrongfully converted the money to her personal use,[79] and (4) Defendant deliberately misrepresented facts and promises and committed acts of fraud, thereby causing injury to the Plaintiff.[80]  Thus, by accepting all of Plaintiff's allegations as true, and because the contract provides adequate grounds to hold Defendant accountable for her acts of fraud, conversion, and negligent misrepresentation, the economic loss rule precludes Plaintiff from seeking any additional remedies in tort.  Plaintiffs' first, second, third and fourth causes of action are dismissed.

---

[75] *Id.* ¶ 101.

[76] *Id.* ¶ 119.  Because an allegation of a breach of the implied covenant of good faith and fair dealing is simply "one species of breach of contract," *Ole Mexican Foods Inc. v. J & W Distribution LLC*, 549 P.3d 663, 673 (Utah Ct. App. 2024), the court considers allegations made in support of this cause of action as part of the economic loss rule analysis.

[77] *Compare id.* ¶ 100 *with id.* ¶¶ 69, 76.

[78] *Compare id.* ¶ 101 *with id.* ¶ 64, 66.

[79] *Compare id.* ¶ 100 *with id.* ¶¶ 84, 85, 86.

[80] *Compare id.* ¶ 119 *with id.* ¶¶ 62, 65, 68, 72, 76, 77, 90.

## II.     Plaintiff Failed to Plead Her Unjust Enrichment and Implied Covenant of Good Faith and Fair Dealing Claims with Particularity as Required by Rule 9(b).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard on parties alleging fraud or mistake in a civil action.  It requires a party to "state with particularity the circumstances constituting [the] fraud or mistake," while permitting general allegations with respect to "conditions of a person's mind."[81]  Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based.[82]

Defendant argues this court should follow Utah's approach when considering allegations of fraud and extend Rule 9(b)'s heightened pleading standard to "all circumstances where the pleader alleges the kind of misrepresentations, omissions, or other deceptions covered by the term 'fraud' in its broadest dimension."[83]  Persuasive Tenth Circuit case law supports this approach and suggests trial courts should impose Rule 9(b)'s heightened burden regardless of whether "the fraudulent conduct which is alleged is an element of a claim or is merely alleged in support of a claim . . . ."[84]  Because Plaintiff's sixth and eighth claims are based on allegations of fraud, she must, at a minimum, "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[85]  As explained below, Plaintiff fails to do so.

---

[81] Fed. R. Civ. P. 9(b).

[82] *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citation omitted).

[83] *State v. Apotex Corp.*, 282 P.3d 66, 73 (Utah 2012) (citation omitted).

[84] *Steed v. Warrior Cap., L.L.C.*, No. CIV06-348-F, 2007 WL 2458790, at *3 (W.D. Okla. Aug. 24, 2007); *accord Goodrich v. Alterra Mt. Co.*, No. 20-CV-01158-RM-SKC, 2021 WL 2633326, at *15 (D. Colo. June 25, 2021) ("[W]here the claim is grounded in fraud, the pleading of that claim as a whole must be plead with particularity."); *Front Row Techs., LLC v. NBA Media Ventures, LLC*, 163 F. Supp. 3d 938, 978 (D. N.M. 2016) ("With respect to [R]ule 9(b)'s scope, a court should require parties to plead a cause of action with particularity when that cause of action contains allegations grounded in fraud.").

[85] *Koch*, 203 F.3d at 1236.

Plaintiff's claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing are based almost entirely on allegations of fraud.  As such, they are subject to the heightened pleading requirements of Rule 9(b).  In support of her unjust enrichment claim, Plaintiff alleges the Defendant "fabricated documents that misled Plaintiff," and "[a]s a result of [Defendant's] fraudulent conduct, a benefit was conferred on her at Plaintiff's financial and emotional expense."[86]  Under her covenant of good faith claim, Plaintiff alleges Defendant "deliberately misrepresented facts and promises and committed acts of fraud to avoid performing her obligations under the contractual agreement."[87]

With respect to these claims, Plaintiff omits any factual allegation regarding the time and place of the relevant misrepresentations.  She also fails to identify the documents that were allegedly fabricated to support her unjust enrichment claim, to articulate the specific facts and promises that were misrepresented in support of the covenant of good faith claim, and to describe the acts of fraud relevant to the covenant of good faith claim.  Each of these omissions provides an independent basis to dismiss the respective claim pursuant to Rule 9(b).  Plaintiff's sixth and eighth causes of action are therefore dismissed.

### III.      Plaintiff Failed to Adequately Plead Her Civil RICO Claim.

To survive a Rule 12(b)(6) motion to dismiss, "a civil RICO claim must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"[88]  Plaintiff has

---

[86] *Complaint* ¶¶ 106, 107.

[87] *Id.* ¶ 119.

[88] *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989).

failed to plausibly allege sufficient facts to support the second and third elements of her civil RICO claim.

First, Plaintiff has not adequately alleged the existence of a distinct "enterprise," as required in a civil RICO action.[89]  The enterprise cannot be the same "person" who is involved in the racketeering activities, referred to by a different name.[90]  In her ninth cause of action, Plaintiff accuses only Defendant of engaging in certain unnamed and prohibited activities.[91] Nowhere does Plaintiff allege facts indicating Defendant's involvement with a separate enterprise to carry out her fraudulent scheme.  Plaintiff pleads only a legal conclusion that Defendant's conduct "was perpetrated in the commission of a RICO enterprise through a pattern of racketeering activity."[92]  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[93]  Therefore, Plaintiff has failed to adequately plead the second element of a civil RICO claim.  This failure alone is sufficient to warrant dismissal.

But Plaintiff also failed to adequately allege a "pattern" of racketeering activity.  This element requires a plaintiff to demonstrate (1) the commission of at least two predicate acts, (2) how the racketeering predicates are related, and (3) how they amount to or pose a threat of

---

[89] *Brannon v. Boatmen's First Nat. Bank of Okla.*, 153 F.3d 1144, 1146 (10th Cir. 1998) (explaining it is well settled "that for purposes of 18 U.S.C. § 1962(c), the defendant 'person' must be an entity distinct from the alleged 'enterprise'"); *Tal v. Hogan*, 453 F.3d 1244, 1268 (10th Cir. 2006) ("To state a claim under section 1962(b), the plaintiff must allege the defendant (1) acquired or maintained an interest in or control of (2) an enterprise engaged in interstate commerce . . . .").

[90] *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

[91] *See Complaint* ¶¶ 123–131.

[92] *Id.* ¶ 128.

[93] *Iqbal*, 556 U.S. at 678.

continued criminal activity.[94]  And when the predicate acts are based on allegations of fraud, the plaintiff is required to adhere to the heightened pleading standard applicable to fraud claims under Rule 9(b).[95]  In her Complaint, Plaintiff does not identify the predicate acts—let alone plead the time, place, contents, relatedness, and ongoing danger of the predicate acts— committed by Defendant in support of her RICO claim.[96]  Instead, she claims the alleged violations could be found at "various times and places partially enumerated in Plaintiff's statement of facts," or were "itemized in the statement of facts," or were "itemized above."[97] These bare allegations do not plausibly suggest an ongoing "pattern" of racketeering activity.  As such, Plaintiff has failed to adequately plead the third element of her RICO claim, and it is dismissed.

## IV.    Plaintiff Failed to Adequately Plead Her Remaining Claims.

Having dismissed Plaintiff's first, second, third, fourth, sixth, eighth, and ninth causes of action, her only remaining claims include her fifth claim for breach of contract and her seventh claim for an accounting.  Defendant argues these remaining claims should be dismissed for failure to state a claim.[98]  Again, by failing to respond to Defendant's arguments, Plaintiff tacitly conceded she failed to plausibly state these claims in her Complaint, and the court will not attempt to dissect her Complaint in a way to survive the present Motion, particularly in light of Defendant's plausible arguments.

---

[94] *See Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 838 (10th Cir. 2005) (citation omitted); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1516 (10th Cir. 1990) (citation omitted).

[95] *See Stinson ex rel. U.S. v. Maynard*, 341 F.App'x 413, 417 (10th Cir. 2009).

[96] *See Complaint* ¶¶ 125, 129.

[97] *Id.* ¶¶ 124, 126, 127, 130.

[98] *Def. Mot. Dismiss* at 15–16.

First, to plead a claim for breach of contract under Utah law, a plaintiff must allege (1) the existence of a contract between the parties, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.[99]  The essence of a breach of contract claim is that one party violated the terms of a contract while the other party complied with them.  If a complaint fails to adequately plead the contract's terms that were allegedly violated and complied with, the claim must be dismissed for failing to state a claim.[100]

Here, Plaintiff alleges the parties entered into an operating agreement to invest in the Utah properties and claims Defendant breached the operating agreement by selling or attempting to sell the properties to other investors in furtherance of her fraudulent real estate scheme.[101]  But Plaintiff's Complaint and her Response are devoid of any references to a provision in the agreement that would prohibit Defendant's actions.  Furthermore, Plaintiff never alleges she

---

[99] *See Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230–31 (Utah 2014).

[100] *See, e.g., Carraway v. State Farm Fire & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (affirming a district court's dismissal of a breach of contract claim when the plaintiff failed to identify a specific provision of the contract necessary to "plausibly allege[] justifiable nonperformance"); *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1151 (10th Cir. 2013) (affirming a district court's determination that a plaintiff's allegations "did not satisfy the pleading requirements in light of her failure to include how [defendant] breached the contract, which contractual provisions were violated, and how [the plaintiff] upheld her end of the agreement"); *Cavalieri v. Avior Airlines C.A.*, No. 17-CV-22010, 2018 WL 4194080, at *6 (S.D. Fla. Aug. 10, 2018), *report and recommendation adopted*, No. 17-22010-CIV, 2018 WL 5098873 (S.D. Fla. Sept. 18, 2018) ("Since the essence of a breach of contract case is that a provision of an agreement has been breached, where the facts pleaded are insufficient to determine which of the provisions may have been breached, the claim cannot survive a motion to dismiss." (citation omitted)); *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 664 (11th Cir. 2015) (affirming district court's dismissal of breach of contract claim on grounds that plaintiff failed to identify a specific contractual provision that had been breached); *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) ("[A]s a general rule, a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant."); *Morse v. Commonwealth Land Title Ins. Co.*, No. 4:12CV375, 2013 WL 5372395, at *11 (E.D. Tex. Sept. 25, 2013) (finding that "[w]ithout identification of the . . . provisions breached . . . a breach of contract claim has not been stated and should be dismissed"); *Brown v. Capital One Bank (USA), N.A.*, No. 15-60590-CIV, 2015 WL 5584697, at *3 (S.D. Fla. Sept. 22, 2015) (dismissing complaint for plaintiff's failure to identify the specific provisions of the contract defendant allegedly breached); *Williams v. Wells Fargo Bank, N.A.*, 560 F.App'x 233, 238 (5th Cir. 2014) (unpublished) (explaining that when a party fails "to identify which provision of the deed of trust [defendant] allegedly breached" and fails "to allege they were current on their payments . . . dismissal of their breach of contract claim is proper"); *Salas v. Whirlpool Corp.*, No. 5:23-CV-01549-AB-KK, 2024 WL 694067, at *3 (C.D. Cal. Jan. 24, 2024) ("[I]n actions involving breach of a written contract, the plaintiff must 'allege the specific provisions in the contract creating the obligation the defendant is said to have breached.'" (citation omitted)).

[101] *Complaint* ¶¶ 98, 101.

fully complied with the terms of the agreement.  Plaintiff only alleges the "purpose of the Operating Agreement was real estate investments"[102] and "[t]he terms of the contract were specific and involved investment in two pieces of real estate."[103]  But the court is unable to draw a "reasonable inference" that Defendant "is liable for the misconduct alleged"[104] when the unpleaded terms of the agreement may well condemn Plaintiff's own performance and condone Defendant's alleged breach.[105]  As written, Plaintiff has failed to nudge her breach of contract claim "across the line from conceivable to plausible."[106]  Accordingly, the court dismisses Plaintiff's fifth cause of action.

Plaintiff's seventh and final claim is "[a] legal action to compel a defendant to account for and pay over money owed to the plaintiff but held by the defendant."[107]  But a claim for an accounting is not "a stand-alone claim at all."[108]  It "is a remedy premised on a breach of fiduciary duty or contract . . . ."[109]  Because all of Plaintiffs' other claims have been dismissed, and because Plaintiff fails to cite any authority indicating this cause of action can stand alone under Utah law,  Plaintiff's seventh cause of action is dismissed.

---

[102] *Complaint* ¶ 18.

[103] *Id.* ¶ 99.

[104] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[105] *Complaint* ¶ 101.

[106] *Twombly*, 550 U.S. at 570.

[107] *Failor v. MegaDyne Med. Prods., Inc.*, 213 P.3d 899, 905 (Utah Ct. App. 2009) (quoting *Black's Law Dictionary* 19 (7th ed. 1999)).

[108] *Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d 78, 109 (D.D.C. 2020) (citation omitted).

[109] *Haynes v. Navy Fed. Credit Union*, 52 F. Supp. 3d 1, 10 (D.D.C. 2014).

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's Motion to Dismiss[110] and dismisses Plaintiff's Complaint.  As such, the court DENIES AS MOOT Plaintiff's Amended Motion for Partial Summary Judgment.[111]  The Clerk of Court is directed to close the case.

SO ORDERED this 7th day of October 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[110] Dkt. 108.

[111] Dkt. 99.